UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 04-511 (NLH) |
| : | Crim. No. 05-001 (NLH) |
| v. : | |
| : | |
| TERRELL FORTH : | OPINION and ORDER |
| Defendant : | |

**HILLMAN**, District Judge

This matter comes before this Court by way of a Notice of Intent to Appeal a Judgment [ECF No. 57][1] (hereinafter "Notice") and a subsequent Motion for leave to file that notice *nunc pro tunc* [ECF No. 58] (hereinafter "Motion") filed by Defendant Terrell Forth. These submissions were made by Defendant in a *pro se* capacity, without the assistance of, and by Defendant's own account contrary to the advice of, his appointed trial counsel. For the reasons set forth below, the Court will deny the motion to file the notice *nunc pro tunc*, and consequently dismiss the notice of intent to appeal as untimely.

The appeal at issue stems from Defendant's violation of supervised release. On April 25, 2017, Defendant, while serving two terms of supervised release pursuant to two separate federal

---

[1] For sake of convenience, all docket numbers herein refer to Crim. No. 05-001 (NLH). Defendant's applications are filed in both of his criminal matters, Crim. No. 05-001 (NLH) and Crim. No. 04-511 (NLH).

convictions, was charged with four violations of supervised release for alleged distribution of crack cocaine. [ECF No. 45.]

On May 16, 2018, at a hearing before the late Honorable Jerome B. Simandle, Defendant pleaded guilty to "violation #1" of the petition. That same day, Judge Simandle imposed a sentence of 18 months imprisonment for Defendant in each of the above-referenced federal criminal dockets, to run consecutively, resulting in an aggregate term of 36 months imprisonment. [ECF No. 55.] The Court issued the judgment of conviction on May 17, 2018. [ECF No. 56.]

More than six months after the entry of judgment, on November 26, 2018, the Court received by regular mail the one-page handwritten Notice which bore a handwritten date of "5/28/2018". [ECF No. 57.]

Less than two weeks later, on December 6, 2018, the Court received, again by regular mail, the typed one-page Motion, and a two-page supporting affidavit, requesting the Court's leave for Defendant to file his notice of appeal *nunc pro tunc*. [ECF No. 58.]

The procedure for initiating the appeal process in a criminal case is governed by Federal Rules of Appellate Procedure 4(b) and (c). Generally, a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or order being appealed.

See Fed. R. App. P. 4(b)(1)(A).  The judgment which Defendant seeks to appeal was entered on May 17, 2018.  Fourteen days after the entry of judgment was therefore May 31, 2018.  Judging solely by the date it was received by the Court and filed - November 26, 2018 - the Notice was untimely.

However, since Defendant was incarcerated at the Philadelphia Federal Detention Center (hereinafter, the "FDC") and made his filing *pro se* during his term of incarceration, his submission was governed not only by the deadline calculation of Rule 4(b), but by the terms of Rule 4(c), which determines whether a notice of appeal is timely filed by the date on which the inmate initiated the filing via use of the mail system.

An incarcerated inmate's notice of appeal is considered filed with the district court on the date that it is deposited into the institution's mail system, provided that the submission includes certain indicia of verifiability of the date. See Fed. R. App. P. 4(c)(1).  Specifically, the notice must be accompanied by:

> (i) a declaration in compliance with 28 U.S.C. Section 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; **or**
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid

Fed. R. App. P. 4(c)(1)(A) (emphasis added).

3

Defendant's Notice fails to meet the standard required by Rule 4(c)(1). It contains neither a dated declaration by Defendant under penalty of perjury, nor a notarized statement, as to the date of deposit into the FDC mail system. See Fed. R. App. P. 4(c)(1)(A)(i); see also 28 U.S.C. § 1746. Nor is there any discernible external evidence that the notice was timely deposited into the FDC's mail system. See Fed. R. App. P. 4(c)(A)(ii). There is no visible date stamp associated with the FDC, and the United States Postal Service postmark, although less than clear, indicates a November 2018 posting date – more than five months after the Court entered its Judgment. See ECF No. 57.

Nor does Defendant's subsequent Motion compensate for the deficiencies of the original Notice. Although Defendant makes a dated declaration under penalty of perjury, he says only that he "placed a timely, pro se Notice of Appeal in the institution mail box", without specifying the date. See ECF No. 58.[2]

Defendant's Notice is therefore not timely, and must be dismissed – unless, as Defendant requests, the Court grants his *nunc pro tunc* Motion, thus essentially waiving the timeliness requirement.

---

[2] In the motion itself, Defendant simply states (without elaboration) that "petitioner has made timely attempts both through counsel and on his own accord, to no avail."

4

This Court's ability to waive the timeliness requirements of Rule 4 is confined to the extension provision of Rule 4(b)(4). Waiver of timeliness is generally left to the court hearing the appeal. "The time limit for filing a criminal appeal set forth in Rule 4(b) is rigid but not jurisdictional, and may be waived [by the appellate court] if not invoked by the government." United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (citing Gov't of the Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010)). If the government raises a timeliness objection – as it has stated it intends to do here – "[a]n untimely appeal must be dismissed" by the appellate court. Muhammud, 701 F.3d at 111 (citing Martinez, 620 F.3d at 328-29).

Rule 4(c) similarly allows for exercise of discretion by the appellate court, not the district court. Fed. R. App. P. 4(c)(1)(B) specifies that, if an inmate fails to include the accompanying declaration or notarized statement required by 4(c)(1)(A)(i), or the evidence required in the alternative by 4(c)(1)(A)(ii), it is the "court of appeals," not the District Court, which may "exercise[] its discretion to permit the later filing of a declaration or notarized statement". See Fed. R. App. P. 4(c)(1)(B).

The only flexibility a district court has is enunciated by Rule 4(b)(4):

5

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

The rules do not permit any further extension. See, e.g., Gov't of the Virgin Islands v. Hodge, 392 Fed. Appx. 992, 993 (3d Cir. 2010). This provision offers the Defendant no relief. Even if this Court had evidence before it of good cause or excusable neglect (which it does not), its ability to extend the time to file the Notice of Appeal would be limited to granting a reprieve of 30 days from the original deadline. The Notice of Appeal would then be due by the end of June 2018. This would not remedy the defect of a November 2018 submission date.

THEREFORE

IT IS on this **24th** day of **February**, 2020,

**ORDERED** that Defendant's Motion for Leave to File Notice of Appeal *Nunc pro Tunc* [ECF No. 58] be, and hereby is, **DENIED**; and it is further

**ORDERED** that Defendant's Notice of Appeal [ECF No. 57] be, and hereby is, **DISMISSED** as untimely.

At Camden, New Jersey

/s Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.